IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARIF SMITH,** | : CIVIL ACTION NO. 1:22-CV-1585 |
| Plaintiff | : |
| v. | : |
| **THEODORE J. KEPPLEY**, *et al.*, | : (Judge Conner) |
| Defendants | : |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Sharif Smith, a prisoner in Camp Hill State Correctional Institution ("SCI-Camp Hill") who was incarcerated in Cumberland County Prison ("CCP") at all relevant times, alleges that several CCP employees violated his civil rights by physically and sexually assaulting him on October 7, 2020. Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted and a separate motion to dismiss the complaint for failure to prosecute. The motion to dismiss for failure to prosecute will be denied and the motion to dismiss for failure to state a claim upon which relief may be granted will be granted in part and denied in part.

### I.  Factual Background & Procedural History

Smith filed his complaint on October 2, 2022, and the court received and docketed it on October 11, 2022. (Doc. 1 at 11). According to the complaint, Smith was a pretrial detainee in CCP on October 7, 2020, when defendants Speece, Dixon, Schmick, and Potami came to his cell under the false pretense that they were going

to search the cell. (Id. at 7). The defendants ordered Smith to move to the back of the cell, after which Dixon allegedly "pinned down" Smith by applying his "full body weight" to Smith's right arm. (Id.) At the same time, Schmick allegedly applied "pressure point maneuvers" to Smith's right ear, which caused severe pain. (Id.) Speece and Potami purportedly pulled down Smith's pants despite his complaints that he was not wearing underwear. (Id. at 8). Smith pleaded for "decency" from the defendants, but Speece allegedly responded, "we like it when you squeal" and then laughed at Smith. (Id.)

Sometime during this interaction, defendant Keppley and other unnamed officers arrived in the cell, handcuffed Smith behind his back, and shackled his legs. (Id.) The complaint avers that Smith was pinned to the floor and stripped naked from his waist down. (Id.) Keppley then allegedly began "forcibly" assaulting Smith's genitals. (Id.) Smith purportedly felt several hands in between his buttocks followed by a sharp pain in his rectum. (Id.)

Following the initial interaction between Smith and the defendants in his cell, Smith was allegedly placed in a "suicide suit" and carried out of the cell. (Id. at 9). Defendants Eickhoff and Shenk allegedly observed this and laughed. (Id.) Smith was transported to a "suicide cell," whereupon Keppley allegedly ordered him, "get on your knees like the cocksucker you are," while "pointing at his crotch." (Id.) Smith refused to do so, and defendants then left him shackled and handcuffed in the cell for several minutes. (Id.) An unknown defendant then pepper-sprayed Smith through the cell door's food slot. (Id.) The complaint asserts that shortly after Smith was pepper-sprayed, officers brought a restraint chair into the cell and

2

strapped Smith to the chair, at which point Eickhoff allegedly entered the cell and told him, "this is what we do to city boys." (Id.)

Smith remained in the restraint chair for approximately one hour. (Id.) After his removal from the chair, prison officials allegedly failed to give him adequate medical care to treat the purported sexual assault and denied him a shower to mitigate the effects of the pepper spray. (Id. at 10). The complaint asserts that defendants violated Smith's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Id. at 7).

The court directed the Clerk of Court to mail waiver-of-service documents to defendants on November 1, 2022. (Doc. 8). Defendants waived service on December 5, 2022, but did not respond to the complaint. (Doc. 11). On November 22, 2023, the court deemed defendants' continued failure to respond to the complaint as a waiver of their right to respond pursuant to 42 U.S.C. § 1997e(g)(1) and imposed case management deadlines to govern the case. (Doc. 14). Defendants then filed the instant motion to dismiss on November 30, 2023. (Docs. 15-16). Defendants argue that: (1) the complaint should be dismissed as untimely; (2) plaintiff's Fourth, Fifth, and Eighth Amendment claims should be dismissed because there is no legal basis for those claims; and (3) plaintiff's claims against defendants Dye, Williams, and Houge should be dismissed for failure to allege personal involvement. (Doc. 16).

On February 1, 2024, the court directed plaintiff to respond to the motion to dismiss on or before February 15, 2024. (Doc. 17). Plaintiff did not do so. Based on plaintiff's inaction, defendants moved to dismiss the complaint for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b) on April 18, 2024. (Doc. 18). Plaintiff has again failed to respond to the motion.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

4

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. 957, 960 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Discussion**

Smith brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

5

States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We will first consider defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), which permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Defendants argue that plaintiff's failure to respond to their motion to dismiss as required by Local Rule 7.6 constitutes a failure to prosecute the case for which dismissal is warranted. (Doc. 18-19).

We will deny the motion to dismiss for failure to prosecute. Local rules requiring defendants to oppose an adverse party's motion, such as Local Rule 7.6, "should be understood to facilitate the court's disposition of motions rather than to impose a sanction for failure to prosecute or defend." Stackhouse v. Mazurkeiwicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.3d 168, 174 (3d Cir. 1990)). Although this case may be distinguishable from Stackhouse because this court specifically directed plaintiff to comply with Local Rule 7.6 by responding to defendant's motion, see id. ("[W]e do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."), we find that plaintiff's failure to respond to defendants' motion to dismiss is not by itself sufficient to dismiss this case for failure to prosecute given that plaintiff has not otherwise abandoned this case or failed to comply with court orders.

6

Turning to the motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), we will first consider defendants' timeliness argument.  Because Smith's complaint is filed pursuant to Section 1983, it is governed by Pennsylvania's two-year statute of limitations for personal injury actions.  Moore v. Walton, 96 F.4th 616, 622 (3d Cir. 2024).  Defendants argue the complaint does not comply with this limitations period because the facts occurred on October 7, 2020, but Smith did not file his complaint until October 11, 2022.  (Doc. 16 at 8-9).

Defendants' argument is without merit.  Under the prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing."  Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).  Although Smith's complaint does not formally state when he submitted it to prison officials for mailing, he signed the complaint on October 2, 2022, (see Doc. 1 at 11), and courts in this circuit routinely treat the date a plaintiff signed his complaint as the date it was submitted to prison officials for purposes of the prisoner mailbox rule.  See, e.g., Pew v. Jones, No. 3:15-CV-1611, 2023 WL 2692401, at *1 n.1 (M.D. Pa. Mar. 29, 2023).  We conclude that plaintiff's complaint is timely under the prisoner mailbox rule.

Defendants next argue that Smith's Fourth, Fifth, and Eighth Amendment claims should be dismissed because his claims are properly construed as due process claims pursuant to the Fourteenth Amendment.[1]  (Doc. 16 at 9-10).  We

---

[1] Defendants do not seek to dismiss Smith's Fourteenth Amendment claim on its merits.  (See Doc. 16).

agree.  Claims that a pretrial detainee detained in a state prison has been subjected to excessive force or cruel and unusual punishment are properly treated as due process claims under the Fourteenth Amendment.  Wharton v. Danberg, 854 F.3d 234, 247 (3d Cir. 2017).  Hence, Smith's Fourth, Fifth, and Eighth Amendment claims will be dismissed.

Finally, we will dismiss all claims against defendants Dye, Williams, and Houge for failure to allege personal involvement because these defendants are not mentioned at all in the complaint's factual allegations.  See (Doc. 1 at 7-9); Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that a defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation).

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We will deny leave to amend as futile with respect to plaintiff's Fourth, Fifth, and Eighth Amendment claims because those claims fail as a matter of law, but we will grant leave to amend with respect to the dismissed claims against defendants Dye, Williams, and Houge because those claims are factually, rather than legally, deficient.  If plaintiff does not amend his complaint the case shall proceed with respect to his Fourteenth Amendment claims against defendants Keppley, Speece, Dixon, Schmick, Potami, Eickhoff, and Shenk.

**IV.     Conclusion**

We will deny defendants' motion to dismiss the complaint for failure to prosecute, grant in part and deny in part defendants' motion to dismiss for failure to state a claim upon which relief may be granted, and grant plaintiff leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 15, 2024