## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIF SMITH, | : | CIVIL ACTION NO. 1:22-CV-1585 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| THEODORE J. KEPPLEY, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Sharif Smith, alleges that defendants violated his civil rights by physically and sexually assaulting him.  Defendants have moved to dismiss for Smith's failure to prosecute the case.  The motion will be granted.

## I.    <u>Factual Background & Procedural History</u>

Smith filed his complaint on October 2, 2022, and the court received and docketed it on October 11, 2022.  (Doc. 1 at 11).  The court directed the Clerk of Court to mail waiver-of-service documents to defendants on November 1, 2022.  (Doc. 8).  Defendants waived service on December 5, 2022, but did not respond to the complaint.  (Doc. 11).  On November 22, 2023, the court deemed defendants' continued failure to respond to the complaint as a waiver of their right to respond pursuant to 42 U.S.C. § 1997e(g)(1) and imposed case management deadlines to govern the case.  (Doc. 14).  Defendants then moved to dismiss the complaint for failure to state a claim on November 30, 2023.  (Docs. 15-16).

On February 1, 2024, the court directed plaintiff to respond to the motion to dismiss.  (Doc. 17).  Plaintiff did not do so.  Based on plaintiff's inaction, defendants moved to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) on April 18, 2024.  (Doc. 18).

The court denied the motion to dismiss for failure to prosecute on May 15, 2024, and granted in part and denied in part the motion to dismiss for failure to state a claim, dismissing Smith's Fourth, Fifth, and Eighth Amendment claims without further leave to amend, dismissing Smith's claims against defendants Dye, Williams, and Houge, without prejudice, allowing the case to proceed as to Smith's Fourteenth Amendment claim against defendants Keppley, Speece, Dixon, Schmick, Potami, Eickhoff, and Shenk, and granting Smith leave to file an amended complaint.  (Docs. 20-21).  Smith did not file an amended complaint, so the court dismissed the claims against Dye, Williams, and Houge without further leave to amend on June 28, 2024.  (Doc. 23).  On July 3, 2024, mail to Smith was returned to the court as undeliverable.  (Doc. 24).  Defendants then answered the complaint on July 10, 2024.  (Doc. 25).

On July 11, 2024, the court issued an order requiring plaintiff to update his address within fourteen days and warning that if he failed to do so the court would order him to show cause why the case should not be dismissed for failure to prosecute.  (Doc. 26).  Smith did not respond to the order, so the court issued another order on August 8, 2024, requiring him to show cause on or before August 22, 2024 why the case should not be dismissed for failure to prosecute.  (Doc. 27). Mail to Smith was again returned to the court as undeliverable on September 3,

2024.  (Doc. 28).  Based on Smith's continued failure to respond to the court's orders, defendants filed the instant motion to dismiss for failure to prosecute on September 24, 2024.  (Doc. 29).

## II.   **Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b).  When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three Poulis factors weigh in favor of dismissing this case for failure to prosecute.  First, because Smith is proceeding pro se, he is personally responsible for his failure to comply with the court's orders requiring him to update his address.  Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Second, Smith's failure to update his address causes prejudice to defendants by delaying resolution of the case.  Manuel v. Harry, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021).  Third, Smith has shown a history of

dilatoriness by failing to comply with multiple orders requiring him to update his address.  Id.  This failure to comply with court orders demonstrates an intention to discontinue this litigation.  Id.

The court finds that the fourth and fifth Poulis factors—whether Smith's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal.  First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives.  Second, because he has not communicated with the court in any manner in nearly two years since first filing his complaint, the court is without any viable alternative to dismissal.  The sixth factor, the meritoriousness of Smith's claims, weighs against dismissal.  Smith's complaint has survived defendants' motion to dismiss in part, demonstrating that his complaint has at least arguable merit.  (See Docs. 20-21).

Upon balancing the Poulis factors, we find that the first five Poulis factors outweigh the sixth factor and that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted.[1]  In light of Smith's failures to comply with court orders and silence for over a year, we will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

---

[1] We will dismiss the case prior to the deadline for plaintiff to respond to the instant motion to dismiss because the record before the court amply demonstrates that plaintiff has failed to prosecute this case.

**III.**   <u>**Conclusion**</u>

We will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 27, 2024